UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT D. HAMPSON,

Plaintiff,

v.

SHERYL RAMSTAD HVASS,
LOU STENDER,
NANETTE M. SCHROEDER,
STEVE HERJE,
DEAN LEE, and
TERRIAN PANQERL,

Defendants.

Civil No. 00-1063 (PAM/JGL)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Moose Lake, Minnesota, commenced this action by filing a complaint in this District on April 26, 2000. He is attempting to sue the above-named Defendants under 42 U.S.C. § 1983, for allegedly violating his federal constitutional rights. The matter is now before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 4), by which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP"). Also before the Court at this time is Plaintiff's "Motion for Appointment of Counsel." (Docket No. 2.)

1. Plaintiff's IFP Application

Plaintiff's IFP application will be GRANTED, which means that he will be excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, $140.65), in installments, pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("the purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay

FILED MAY 01 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. A summons shall therefore be issued and the U.S. Marshal will be directed to effect service of process on the six named Defendants.

The Court will presently defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and Complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

2. Motion For Appointment Of Counsel

Plaintiff has filed a motion seeking appointment of counsel which must also be addressed. (Docket No. 2.) 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in civil cases; rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues and

whether both the plaintiff and the court would benefit from representation by counsel for both parties. Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's motion for appointment of counsel will be denied.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 4), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action, namely $140.65, in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk shall send a copy of this order to the prison authorities at the institution where Plaintiff is confined to apprise them of this requirement;

3. A summons shall be issued, and service of process shall be performed by the U.S. Marshal on the Defendants named in the complaint;

4. A copy of this Order shall be served together with the summons and complaint;

5. Those Defendants upon whom service of process is effected shall be

required to file a response to the complaint; and

6. Plaintiff's Motion For Appointment of Counsel, (Docket No. 2), is DENIED.

Dated: April 28, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge