**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ROBERT D. HAMPSON,**

Plaintiff,

v.

**SHERYL RAMSTAD HVASS, LOU STENDER, NANETTE M. SCHROEDER, STEVEN HERJE, DEAN LEE, and TERRIAN PANGERL,**

Defendants.

---

Civil No. 00-1063 (PAM/JGL)

**O R D E R**

APPEARANCES

Plaintiff Robert D. Hampson, pro se.

Richard Lynn Varco, Jr., Esq., on behalf of Defendant Steven Herje.

Matthew J. Hanzel, Esq., on behalf of Defendant Dean Lee.

Kari Jo Ferguson, Esq., on behalf of Defendants Sheryl Ramstad Hvass, Lou Stender, Nanette M. Schroeder, and Terrian Pangerl.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff Robert D. Hampson's Motion for Order to Compel Disclosure of Discovery (Doc. No. 28), Plaintiff's Motion for Enforcement of Court Order (Doc. No. 41), Plaintiff's Motion for Order to Compel Disclosure of Discovery (Doc. No. 43), and Defendants' Motion for Protective Order (Doc. No. 45). This matter has been referred to the

JAN 0 9 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

undersigned Magistrate Judge for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

In Plaintiff's first motion to compel discovery, he seeks answers and documents from Defendant Lee regarding (1) Defendant's duties as Regional Medical Director for the Correctional Medical Systems ("CMS") and (2) the contractual obligations of CMS to provide medication to Minnesota inmates. Plaintiff avers he served Defendant Lee's counsel with these interrogatories but received no response. Defendant Lee responds that he served full and complete answers to the discovery requests on October 3, 2000. The Court has no reason to doubt Defendant's representation, and thus, Plaintiff's motion is denied as moot.

Plaintiff's motion for enforcement of court order suggests that prison officials at the Minnesota Correctional Facility in Moose Lake, Minnesota, are deducting payments contrary to this Court's order granting Plaintiff in forma pauperis status. However, the Court finds no disparity between 28 U.S.C. § 1915(b)(2) and the Department of Corrections' policy of requiring biweekly payments. Thus, Plaintiff's motion is denied.

Defendants request a protective order from this Court staying discovery until Defendants' motions to dismiss and for summary judgment are resolved. Plaintiff did not oppose Defendants' motion. In Defendant Hvass, Stender, Schroeder, and Pangerl's Motion for Summary Judgment, those

Defendants raise the defense of qualified immunity and should be protected from the Plaintiff's discovery requests until the District Court rules on the motion. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (stating that until the threshold question of immunity is answered, discovery should be curtailed). Defendants should not be subjected to the expense, time, and delay of responding to discovery before the Court has decided whether Defendants are entitled to stand on their privilege of qualified immunity. Defendants' motion for a protective order is therefore granted and discovery is stayed pending the resolution of the motions to dismiss and for summary judgment by the District Court.

Finally, with respect to Plaintiff's second motion to compel discovery, Plaintiff asks for (1) documents from Defendant Schroeder relating to a medical record review conducted by Dr. Paulson, and (2) phone records from Plaintiff's inmate phone account. The Court finds that the first category of information is likely relevant to Plaintiff's case and therefore would be

discoverable absent the protective order now in place. Thus, Plaintiff's motion is denied without prejudice.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff Robert D. Hampson's Motion for Order to Compel Disclosure of Discovery (Doc. No. 28) is **DENIED AS MOOT**;

(2) Plaintiff's Motion for Enforcement of Court Order (Doc. No. 41) is **DENIED**;

(3) Plaintiff's Motion for Order to Compel Disclosure of Discovery (Doc. No. 43) is **DENIED WITHOUT PREJUDICE**; and

(4) Defendants' Motion for Protective Order (Doc. No. 45) is **GRANTED** and discovery is **STAYED** pending the resolution of the motions to dismiss and for summary judgment by the District Court.

Dated: January 9, 2001.

JONATHAN LEBEDOFF
United States Magistrate Judge