UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert D. Hampson,

Plaintiff,

v.

Sheryl Ramstad Hvass, Lou Stender, Nanette M. Schroeder, Steven Herje, Dean Lee, and Terrian Pangerl,

Defendants.

Civ. File No. 00-1063 (PAM/JGL)

**ORDER**

---

This matter is before the Court on the Report and Recommendation of Magistrate Judge Jonathan G. Lebedoff dated January 9, 2001. The Report and Recommendation recommends that the Court deny Plaintiff's Motion for a Temporary Restraining Order, grant Defendants' Motions to Dismiss or Motions for Summary Judgment, and dismiss Plaintiff's Complaint. Plaintiff filed timely Objections to the Report and Recommendation.

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 72.1(c)(2). Based on a review of the record and the submissions of the parties, the Court concludes that the Magistrate Judge's Report and Recommendation is correct, and Plaintiff's claims should be dismissed.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, claiming that officials at the Minnesota Correctional Facility in Moose Lake (MCF-ML) failed to timely refill his

FILED FEB 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD FEB 01 2001
DEPUTY CLERK

high blood pressure medication on three separate occasions. The Magistrate Judge construed Plaintiff's Complaint as raising a violation of the Eighth Amendment but found that the conduct of Defendants did not arise to deliberate indifference, and that therefore Plaintiff had failed to state a claim as a matter of law.

Plaintiff's Objections are little more than complaints that he has not been treated fairly by this Court or by officials in the Minnesota prison system. Plaintiff has failed to come forward with any argument that his claims against the Defendants have merit. As one example, Plaintiff does not address the conclusion of the Report and Recommendation that the nurse's alleged failure to provide Plaintiff with his medication in April 2000 was in fact caused by Plaintiff voluntarily refusing to take his medication. Plaintiff's failure to address the substance of his claims is fatal to those claims.

Plaintiff also contends that he is unable to refute Defendants' arguments because the Magistrate Judge granted Defendants' request for a protective order staying discovery, and thus he does not have access to his medical records. The protective order was entered on the same day the Report and Recommendation issued, however, and there is no indication in the record that, prior to the entry of the protective order, Defendants refused any request by Plaintiff for his medical records. Plaintiff's failure to provide evidence to support his claims cannot be blamed on the protective order.

As the statute requires, the Court has conducted a de novo review of the record regarding Magistrate Judge Lebedoff's Report and Recommendation. See 28 U.S.C.

§ 636(b)(1); Local Rule 72.1(c). Based on that review and all the arguments of the parties, the Court **ADOPTS** the Report and Recommendation.

Accordingly, based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a Temporary Restraining Order (Clerk Doc No. 12) is **DENIED**;
2. Defendant Steven Herje's Motion to Dismiss (Clerk Doc. No. 19) is **GRANTED**;
3. Defendant Dean Lee's Motion to Dismiss or for Summary Judgment (Clerk Doc. No. 35) is **GRANTED**; and
4. Defendants Sheryl Ramstad Hvass, Lou Stender, Nanette M. Schroeder, and Terrian Pangerl's Motion for Summary Judgment (Clerk Doc. No. 57) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 31, 2001

Paul A. Magnuson
United States District Court Judge